UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McDONEL,

            Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.

_____ /

Criminal Case Number 07-20189
Civil Case Number 12-11205
Honorable David M. Lawson

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

The petitioner, Robert McDonel, was convicted by a jury of several counts of violating the Hobbs Act and brandishing a firearm during a crime of violence. Because of the mandatory consecutive sentences required for the five brandishing convictions, McDonel's prison sentences exceeded 100 years. Two years after the court of appeals affirmed his convictions and sentences, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The government did not respond to the motion within the time provided, necessitating an order to show cause. In response, the government asserted that the motion was filed out of time. The Court is constrained to agree, and therefore finds that the motion must be denied because it is untimely and lacks merit.

I.

On April 10, 2007, 19-year-old Robert McDonel and four others were indicted for a series of armed robberies of retail stores in the Detroit area during a two-week crime spree in November 2006. Following a jury trial, McDonel was convicted on multiple counts of interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, as well as on multiple counts of brandishing a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c). He was sentenced on August 6, 2008.

The court of appeals affirmed the convictions and sentences on direct appeal. The court's mandate issued on March 1, 2010. McDonel did not file a petition for a writ of certiorari in the Supreme Court.

On March 16, 2012, McDonel filed his initial motion to vacate his sentence under 28 U.S.C. § 2255. The Court ordered the government to respond, but no answer was forthcoming. McDonel moved for summary judgment, but the Court denied the motion, finding that section 2255 does not permit such relief under Federal Rule of Civil Procedure 56. The Court did order the government to show cause, however, why the relief requested in the section 2255 motion should not be granted in light of the government's failure to respond. The government filed a response to the show cause order asserting that the petitioner filed his section 2255 motion more than one year after his conviction had become final, and therefore the motion had to be dismissed. The petitioner moved for leave to file an amended section 2255 motion. The government did not respond to that motion, and the Court granted it. The petitioner filed his amended motion on November 18, 2014.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, section 2255 provides a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6. Because the petitioner has not alleged a governmental impediment to filing the claim he now seeks to assert, a claim newly recognized by the Supreme Court made retroactive to final convictions, or newly discovered facts, subparagraph 1 applies to his case.

A federal criminal judgment becomes final for the purpose of section 2255 at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). The Sixth Circuit affirmed the petitioner's conviction on January 28, 2010. His conviction became final in this case ninety days later on April 28, 2010. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). The limitations period, then, expired one year later, on April 28, 2011. The petitioner's present motion was not filed until March 16, 2012. Therefore, it is untimely.

The petitioner is not entitled to equitable tolling. A court must consider five factors in determining whether equitable tolling is appropriate in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The petitioner has presented no evidence of a lack of constructive knowledge of the filing requirement and has not shown that he was reasonable in remaining ignorant of the legal requirement for filing his claim. The statute of limitations thus forecloses review of his claims.

### III.

The Court finds that the motion was filed after the period of limitation, and the petitioner is not entitled to equitable tolling.

Accordingly, it is **ORDERED** that the petitioner's motion and amended motion to vacate his sentence [dkt #138, 160] are **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 25, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI