UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McDONEL,

        Petitioner,                         Case Number 07-20189

v.                                                      Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE TO THE UNITED STATES COURT OF APPEALS

This matter is before the Court on the petitioner's second motion to vacate his sentence under 28 U.S.C. § 2255. On March 31, 2008, the petitioner was convicted by a jury of several counts of violating the Hobbs Act and brandishing a firearm during a crime of violence. The petitioner previously filed a section 2255 motion, which the Court denied as untimely and without merit on March 25, 2015. *See* ECF No. 162. The petitioner presently asks that the Court hold his motion in abeyance while he seeks permission from the court of appeals to pursue successive relief under section 2255. However, the Court lacks jurisdiction over the petition in the absence of precertification for the filing of such a petition. *Moreland v. Robinson*, 813 F.3d 315, 324 n.2 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). Therefore, because the present motion is the second motion filed under section 2255, the Court must transfer the case to the court of appeals to determine whether the petitioner may file a successive motion.

An individual seeking to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court

would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court **TRANSFER** the petitioner's motion to vacate sentence (ECF No. 193) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                                                       s/David M. Lawson  
                                                                       DAVID M. LAWSON  
                                                                       United States District Judge

Date: April 18, 2019